In the matter of the appeal of MARGARET MALONEY RITCHIE, WILLIAM I. STANTON and GIRARD TRUST COMPANY, executors of Martin Maloney, deceased, from a portion of the decree of the orphans court of the county of Monmouth allowing court charges upon settlement of executors' account.

[Decided February 2d, 1932.]

*Messrs. Durand, Ivins & Carton,* for the appellants.

*Mr. William A. Stevens,* for the respondents.

BERRY, VICE-ORDINARY.

This is an appeal from that portion of the decree of the Monmouth county orphans court fixing the fees of the surrogate at the sum of $8,145.05 for auditing, stating and reporting the account of the executors of the estate of Martin Maloney, deceased. The state of the case consists merely of a short stipulation of counsel, the decree in question, notice of appeal, petition of appeal and answer. There is also submitted by stipulation for the information of the court a copy of the final account. From this and also from the state of the case it appears that the total value of the estate coming into the hands of the executors was $8,098,057.40. Counsel for the appellants in their brief say that the allowance to the surrogate was made on the following basis:

| | |
|---|---|
| 1/10th of 1% of $8,098,057.40 ........................ | $8,098.05 |
| 235 folios (in excess of one page account, at $.20 per folio) ........................................ | 47.00 |
| | $8,145.05 |

And it appears to be assumed by counsel on both sides that this the fact, although the decree itself does not indicate how the amount of the allowance was computed. The sole question raised by this appeal is whether or not "such allowance is in excess of the amount prescribed by statute." It is contended on behalf of the appellants that the question is controlled by *P. L. 1928 ch. 155 p. 315,* which is a supplement to the Orphans Court act of 1898. *3 Comp. Stat. p. 3887.* The pertinent provisions of the 1928 act are as follows:

"Accounts. Filing, auditing, stating, reporting and recording accounts of executors, administrators, guardians, trustees and assignees, including drawing decree:

\* \* \* \* \* \* \* \*

"In estates fifty thousand dollars ($50,000) to five hundred thousand dollars ($500,000), one-tenth of one per centum, plus advertising, and plus such additional fees as the court may allow.

"The petition and one page of accounting are included in the above costs. In excess of one page of accounting the charge shall be twenty (20) cents for each additional folio." *Cum. Supp. Comp. Stat. 1930 p. 1342.*

It will be noted that in this supplement no provision is made for fees to surrogate on estates in excess of $500,000.

The pertinent provisions of the Orphans Court act of 1898 are as follows:

"For auditing, stating and reporting the accounts of executors, administrators, guardians, trustees and assignees on estates not exceeding ten thousand dollars, fifteen dollars.

\* \* \* \* \* \* \* \*

"Over fifty thousand dollars, and not exceeding five hundred thousand dollars, at the rate of one-tenth of one per centum, and where estates exceed five hundred thousand dollars the court shall fix and determine the additional fees to be allowed on such excess; provided, such further and additional fees may be allowed in any case as the court shall think reasonable." *3 Comp. Stat. p. 3887.*

Counsel for the respondent claims that the question here involved is controlled by the provisions of the 1898 act and this I think is apparent from a comparison of the two acts. The 1928 supplement contains the following provision: "In all proceedings not herein specifically provided for, the fees provided by law in effect July third, one thousand nine hundred and twenty-six shall be allowed." See bottom of page 1343, *Cum. Supp. Comp. Stat. 1930.*

As there is no provision in the 1928 act for fees on estates exceeding $500,000, we are referred to the act of 1898, as that is the act which was in effect on July 3d, 1926. I think it is plain, therefore, that the 1928 supplement has no application to the present controversy. It is contended that the provisions of the 1898 act respecting fees of surrogates were repealed by the 1928 supplement, but that is so only in

so far as the provisions of the 1928 supplement are inconsistent with those of the act of 1898. With respect to matters upon which the 1928 act is silent, the 1898 act is still in force. That act has already been the subject of construction in this court. See *In re Leonhard, 91 N. J. Eq. 298; affirmed, Ibid. 536,* and *In re Jenkins, 94 N. J. Eq. 728; affirmed, 95 N. J. Eq. 677.* In both these cases the full amount of one-tenth of one per cent. on estates over $1,000,000 and $3,000,000, respectively, were approved as not excessive and as within the law. In the case *sub judice,* the only criticism that can be made is that the fees of $500,000, and on the excess of that sum, were not separately figured, stated and allowed; but that is a mere matter of mechanics with which this court has no concern. I must assume that the total fees allowed were arrived at by the exercise of the discretion vested in the judge of the orphans court by the statute. There is nothing to indicate any abuse of that discretion and in fact no such abuse is charged.

In the *Jenkins Case, supra,* Mr. Justice Campbell, speaking for the court of errors and appeals, said: "It may be argued that the statute in question, arbitrarily and without proper and due consideration of services to be performed by the surrogate, fixes the allowance; but that is a legislative matter and does not call for nor permit of adjustment or remedy by this court." Where the legislature has fixed a maximum rate which may be allowed by the orphans court and that rate is not exceeded, and there is nothing to indicate any abuse of discretion, this court will not interfere. The appeal will be dismissed.